UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILIP A. BIFULCO, JR., and
KYM E. BIFULCO,

                              Plaintiff,

v.                                                    Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Philip A. Bifulco, Jr. is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Kym E. Bifulco, wife of Plaintiff Philip A. Bifulco, Jr., is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiff Philip A. Bifulco, Jr. incurred a credit card obligation to Capital One. This debt will be referred to as "the subject debt."

11. That upon information and belief the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff Philip A. Bifulco, Jr. defaulted on the subject debt.

13. That upon information and belief Defendant NCO was thereafter employed to collect on the subject debt.

14. That Plaintiff Philip A. Bifulco and Kym E. Bifulco are employed by the same employer.

15. That on or about January 23, 2009, Defendant called Plaintiff Philip A. Bifulco, Jr. at his place of employment. Said Plaintiff stated his employer did not permit such calls and asked Defendant to cease from calling his place of employment in the future.

16. That on or about January 30, 2009, Defendant again called Plaintiff Philip A. Bifulco, Jr.'s place of employment. Defendant spoke to a co-worker of said Plaintiff and disclosed the account number and balance due on the subject debt, and said Plaintiff's social security. When Plaintiffs' co-worker stated Defendant was not allowed to call said Plaintiff at work and that Defendant had improperly disclosed personal information to her, Defendant stated he would hang up and call again in order to speak to another person.

17. That approximately five minutes after the telephone call described in paragraph 16 had ended, Defendant called Plaintiff Philip A. Bifulco, Jr.'s place of employment again and spoke to a different co-worker of said Plaintiff. Defendant disclosed he was calling from "NCO" and collecting a debt owed by Plaintiffs Philip A. Bifulco, Jr. and Kym E. Bifulco.

18. That the aforementioned conversations were overheard by multiple employees at Plaintiffs place of employment.

19. That on or about January 31, 2009, Defendant NCO called Plaintiff Philip A. Bifulco, Jr. at his place of employment. Said Plaintiff gave his cellular telephone number to Defendant and again asked Defendant not to call him at his place of employment. Defendant stated said Plaintiff's priorities were wrong and demanded payment of the subject debt.

20. That following the receipt of the abovementioned telephone call Plaintiff Philip A. Bifulco, Jr. received a written disciplinary statement from his employer for being called by Defendant multiple times while at work.

21. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692c(b), and 15 U.S.C. §1692d by communicating with Plaintiffs co-workers for purposes other than acquiring location information for Plaintiffs, and by disclosing the existence of the subject debt to them.

    B. Defendant violated 15 U.S.C. §1692c(a)(3) by communicating with Plaintiff Philip A. Bifulco at his place of employment after being informed his employer prohibits such communication.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) when, with the intent to annoy, abuse and harass, they stated to Plaintiff Phillip A. Bifulco that he had his priorities wrong.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

   (a) Actual damages;
   (b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.
   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.
   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: March 2, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
           ajordan@kennethhiller.com